John CODEIRO, Plaintiff,

v.

Eugene LEVASSEAU, John Sefakis, and William Parent, Defendants,

v.

Roland GOULET, Third-party Defendant.

Civ. A. No. 85–0570–S.

United States District Court, D. Rhode Island.

Oct. 7, 1986.

Robert D. Parrillo, Zachariah Chafee, Hanson, Curran & Parks, Providence, R.I., for plaintiff.

Gidley, Lovegreen & Sarli, Michael G. Sarli, Mark C. Hadden, Providence, R.I., for defendant.

Lovett, Schefrin & Gallogly, Ltd., Aram R. Schefrin, Providence, R.I., for defendant Levasseau and Sefakis.

Bruzzi & Nadeau, S. Bruzzi, Gunning, LaFazia & Gnys, Jeanne E. LaFazia, Providence, R.I., for third-party defendant Goulet.

## MEMORANDUM AND ORDER

SELYA, District Judge.

On or about September 5, 1983, the powerboat "Botomles"[1] was docked at a slip at Parent's Marina in Pawtucket, Rhode Island. A fire broke out aboard the Botomles, which is said to have spread to the "Jam Jar," a craft tied up and minding its own business at an adjacent slip. The plaintiff, John Codeiro, surveyed the charred remains of his Jam Jar and sought recompense. Invoking this court's admiralty and maritime jurisdiction, Codeiro brought suit in September 1985 against Eugene Levasseau and John Sefakis, the putative owners of the Botomles.

Following an initial round of discovery, Codeiro noticed the deposition of William Parent, owner of the marina at which the ustulation had occurred. (As a result of earlier depositions, Codeiro had some reason to suspect that Parent's conduct might have contributed to the carnage.) Parent was subpoenaed to attend. By choice, he appeared alone and without counsel. There is every indication that his testimony was inculpatory.

Shortly after the taking of the deposition, the plaintiff moved for leave to file an amended complaint. Permission was granted. The amended complaint named Parent as an additional party defendant, on the theory *inter alia* that he failed to remove a known hazard from the vicinity of the plaintiff's boat. Having answered the amended complaint, Parent now moves *in limine* "to strike and exclude from any use against [Parent] at trial" the April 29 deposition testimony.

The key to the puzzle is Fed.R.Civ.P. 32(a) which provides in pertinent part that:

(a) Use of Depositions. At the trial ..., any part or all of the deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:

(1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness, or for any other purpose permitted by the Federal Rules of Evidence.

(2) The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent, or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party may be used by an adverse party for any purpose.

There is no question but that Parent is *now* a party; and there is no warrant for adopting his counsel's suggestion that the reference to a "party" within the ambit of the rule refers only to those who were parties when the discovery was initiated. After all, the drafters knew how to engraft such a limitation upon the rule and did so in the case of corporate fiduciaries. *See* Fed. R.Civ.P. 32(a)(2) ("The deposition ... of anyone *who at the time of taking the deposition* was an officer, director, or managing agent ... of a public or private cor-

---

1. The peculiar spelling has not been explained. The court assumes that the owners of the vessel had some aversion to the use of double consonants.

poration, partnership, or association or governmental agency which is a party may be used....") (emphasis supplied). The absence of any similar restriction on the use of depositions of individual parties cannot be viewed as accidental. So, the plain language of the rule militates against the granting of the motion.

Secondly, the logic underlying Rule 32 argues in favor of a broader definition. In the context of litigation, use of a deposition at trial is most appropriate vis-a-vis one who is a party at the time of trial, irrespective of his former status. There is no real reason why one should be relieved of the effects of his (former) sworn testimony simply because he is (subsequently) sued civilly—any more than a litigant can escape the evidentiary impact of his prior (i.e., pre-suit) out-of-court declarations. *Cf.* Fed. R.Evid. 801(d)(2)(A).

The final straw as to this contention is that the rationale of Rule 32(a)—that it is essential, in the interests of justice, that a person against whom a sworn statement is offered have notice and an opportunity to cross-examine—is of no assistance to this movant. Since it is his own testimony which is at issue, cross-questioning is beside the point.

Parent's alternative argument—that his previous testimony should be buried because he was not represented by counsel at the deposition session—begs the question. Rule 32(a) is written in the disjunctive; a deposition "may be used against any party who was present *or* represented at the taking of the deposition...." *Id.* (emphasis supplied). Parent was there, so his voluntary decision not to bring a lawyer in tow cannot affect the admissibility of his testimony.[2]

The cases cited by the movant are of no assistance (to him or to the court). *Hewitt v. Hutter*, 432 F.Supp. 795 (W.D.Va.1977) is factually so far afield from the case at bar that one wonders why it was cited. *Bobb v. Modern Products, Inc.*, 648 F.2d 1051 (5th Cir.1981), is likewise inapposite. But, insofar as *Bobb* "implies a principle of fairness requiring that the opposing party have the right or opportunity to be present at the deposition," *id.* at 1055, its standard has been fulfilled here.

The real problem in this case is not that Parent's deposition was noticed or taken at an irregular time or in an irregular manner, but that he apparently testified in a way that, in retrospect, hurts his defense. Nevertheless, the fact that Parent would have been better advised to remain silent until consulting counsel cannot, by itself, sustain his motion. The strictures of Rule 32 have not been transgressed; fundamental fairness has not been compromised. In the circumstances of this case, there is no principled way to bar the use of the deponent's sworn statement. If Parent, in opening his mouth, has inserted his foot,[3] the court should not play podiatrist (or orthodontist, as the case may be).

The motion to strike and to exclude is denied.

*So ordered.*

---

2. There is no suggestion in the record that the final paragraph of Rule 30(b)(2) applies in this case. To his credit, Parent does not pretend that "he was unable through the exercise of due diligence to obtain counsel to represent him at the taking of the deposition...." *Id.*

3. The Spanish proverb puts it well: "En boca cerrada no entran moscas." A rough translation: "The closed mouth swallows no flies."